## MANLOVE v. WHITE.

Where a general repealing statute is passed, and on the next day a supplementary act is passed, excepting certain counties from the operation of the repeal, to a certain extent : *Held*, that the case was a special one, and there being no doubt of the true intention of the Legislature, the supplemental act must be regarded as a part of the repealing act, and must be given the same effect as if passed on the same day.
So held, in the construction of the act of April 29th, 1857, repealing the then existing law concerning ex-sheriffs, as tax-collectors, and requiring them to turn over the assessment-rolls to their successors, taken in connection with the act of April 30th, excepting certain counties from the operation of the repealing law of the day previous.

APPEAL from the District Court of the Sixth Judicial District.

The plaintiff filed his petition, setting forth that he was elected sheriff of Sacramento county, at the general election, 1857, and having duly qualified, he entered upon the discharge of the duties of the office, October 5th, 1857, and claiming that, as such sheriff, he is by law entitled to the collection of the taxes levied in the county, but that the defendant, the late sheriff of the county, refuses to deliver to the plaintiff the assessment-roll. The petition prays for a *mandamus*, to compel the defendant to deliver to plaintiff the assessment-roll. The defendant demurred to the petition. The demurrer was sustained, and the plaintiff's petition dismissed.

Plaintiff appealed.

*Latham & Sunderland* for Appellant.

*D. W. Perley* for Respondent.

BURNETT, J., delivered the opinion of the Court—FIELD, J., concurring.

The plaintiff, who is the newly elected sheriff of Sacramento county, filed his petition in the Sixth District Court, praying for a *mandamus*, to compel the defendant, the former sheriff of said county, to deliver over to the plaintiff the assessment-roll of the same county, for the year 1857. The defendant demurred to the petition, which was sustained, and the plaintiff appealed to this Court.

There is no dispute about the facts, and the only question for this Court, is simply one of construction of certain statutes. By the provisions of the thirty-ninth section of the act of twenty-ninth April, 1851, concerning sheriffs, it was provided that the former sheriff should complete the execution of all final process, which he had begun to execute; and, by the explanatory act of May 18, 1853, the collection of taxes was construed to be unfinished business. Com. L., 718, 737.

By the thirty-third section of the act of April 29th, 1857, the old sheriff is required to turn over the assessment-roll to the new sheriff, who shall complete the collections; and by the fifty-fifth section of the same act, certain specified sections of former acts are expressly repealed, and then a clause added at the close of the section, repealing, in general terms, " all other acts, so far as the same conflict with the provisions of this act." On the thirtieth April, 1857, one day after the passage of this act, a supplementary act was passed, providing that the thirty-third section should not apply to the sheriffs of certain counties mentioned, and including the sheriff of Sacramento, so far as the present incumbents were concerned. Statutes of 1857, 336, 344, 357.

The learned counsel for appellant contends that the fifty-fifth section of the act of twenty-ninth April, 1857, repealed the thir-

ty-ninth section of the act of twenty-ninth April, 1851, and that the supplementy act of April 30th, 1857, did not revive it, and could not do so, under the provisions of the act of March 14th, 1853, which provides that the repeal of a repealing act does not revive the act repealed, without express words.   Com. L., 214.

There is certainly a great deal of force in the position of counsel.   The language of the act in regard to repealing statutes is certainly very strong and explicit, that the repealed act can only be revived by express words.

But if we take the construction contended for as correct, for the sake of the argument, the legitimate result would be this: that neither the old or the new sheriff would be authorized to collect the unpaid taxes.   For it is clear that the supplemental act must, under any construction, modify the act of April 29th, 1857; and, therefore, the former sheriff would not be compelled to deliver over the assessment-roll to the new sheriff, and the latter would have no means, and no authority, to make the collections.

The intention of the Legislature, in passing the supplementary act of April 30th, 1857, is too clear to admit of any doubt.   The reason that induced the passage of this supplementary act would seem to be the fact, that the then present incumbents were elected with the thirty-ninth section of the act of 1851 in force, and looked to the completion of the collections as a part of their duties.   It was considered by the Legislature in the nature of a contract, binding in good conscience upon the State.

The case is a special one, and, under the circumstances, there being no doubt as to the true intention of the Legislature, the supplemental act must be regarded as a part of the act of April 29th, 1857, and must be given the same effect, as if passed on the same day.

Judgment affirmed.